# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID W. WHITE,**

        **Plaintiff,**

        **v.**                                        **Case No. 20-CV-329**

**ANDREW M. SAUL,**
**Commissioner of the Social Security Administration,**

        **Defendant.**

## DECISION AND ORDER

Alleging that he has been disabled since August 16, 2011 (Tr. 17), David William White seeks disability insurance benefits and supplemental security income. After White's application was denied initially (Tr. 89-106) and upon reconsideration (Tr. 107-26), a hearing was held before an administrative law judge (ALJ) on February 7, 2019 (Tr. 42). On May 6, 2019, the ALJ issued a written decision concluding that White was not disabled. (Tr. 34.) After the Appeals Council denied White's request for review on November 30, 2019 (Tr. 5-8), White filed this action. All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 5, 7.)

White argues that the ALJ erred in a number of respects. (ECF No. 18.) In response, the Commissioner agrees that remand is warranted. (ECF No. 29 at 1.) The court accepts the Commissioner's lack of a substantive response as agreement that the ALJ erred. The Commissioner requests remand with the following instructions:

> The ALJ will reconsider the medical opinion evidence as appropriate, the alleged effects of Plaintiff's impairments, and Plaintiff's residual functional capacity (RFC). The ALJ will proceed through the sequential disability evaluation process as appropriate. If necessary, the ALJ will seek additional vocational evidence. The ALJ will then issue a *de novo* decision.

(ECF No. 29 at 2.) Because White does not reply to the Commissioner's response, the court assumes he agrees with the Commissioner's proposed instructions. The only remaining issue is whether a direct award of benefits is appropriate.

"Courts have the statutory power to affirm, modify, or reverse the Social Security Administration's decision, with or without remanding the case for further proceedings." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing 42 U.S.C. § 405(g)). This authority includes the courts' ability to remand with instructions for the Commissioner to award benefits to the claimant. See *id.* at 418. An award of benefits is proper only if (1) all factual issues have been resolved and (2) the resulting record supports only one conclusion. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). White and the Commissioner agree that remand is warranted but disagree on whether a direct award of benefits is appropriate. (ECF No. 29 at 1.) Thus, the only question is whether the record compels a finding that White was disabled. *Allord*, 631 F.3d at 415 n.1 (refraining from

2

assessing the sufficiency of the ALJ's decision when the Commissioner acknowledges that it was not supported by substantial evidence).

White develops only one argument that he is entitled to a direct award of benefits. He argues that the ALJ erred in concluding that he did not need to use a cane. (ECF No. 18 at 10.) He argues that the evidence that he does not need a cane is either unreliable or from a time prior to the adjudicatory period. (ECF No. 18 at 11.) Because the VE testified that using a cane for ambulation is always work preclusive "in unskilled jobs in these settings[,]" White argues the record compels the conclusion that he is disabled. (Tr. 83, ECF No. 18 at 12.)

The Commissioner responds that, because there is conflicting evidence, the record does not compel the conclusion that White is disabled. (ECF No. 29 at 3.) He notes opinions of consultive examiners and an independent medical examiner who opine that White is not disabled. (ECF No. 29 at 3-6.) He also argues that, because Dr. Schutt-Kinnear specifically opined that White could carry objects in one hand while he used a cane, on remand a VE could determine that his cane use does not preclude work. (ECF No. 29 at 7.)

Certainly the record contains evidence that supports White's claims that he is disabled. For example, in a residual functional capacity form dated June 27, 2017, White's treating primary care provider, Jeffrey Nelson, PA-C, opined that, due to back and leg pain, White could only stand for up to thirty minutes, sit for fifteen to twenty minutes,

and would need to lie down during the day. (Tr. 580-81.) Nelson further opined that White could lift and carry less than five pounds in an eight-hour period, lift and carry less than five pounds regularly, and that he would never expect White to return to work with or without any restrictions. (Tr. 581-83.) In a Key Functional Assessment dated August 15, 2018, Physical Therapist Paul W. Potos opined that White could tolerate sitting for only thirty-minute durations, standing for fifteen-minute durations, and walking occasional short distances. (Tr. 1102.) On November 29, 2017, in an RFC determination, Consultive Examiner Dr. Kathryn Schutt-Kinnear, M.D., opined that White's postural limitations include "Use of a HHAD." (Tr. 120.) White argues this means she concluded that White "medically required a cane for balance and pain control." (ECF No. 18 at 11.) Various medical notes consistently document White's cane use. (See, e.g., Tr. 469, 596, 1216.) The VE testified that using a cane for ambulation is always work preclusive "in unskilled jobs in these settings[.]" (Tr. 83.)

However, there is also evidence that suggests that White is not disabled. A non-examining source, Dr. Todd Finnerty, Psy.D., reviewed White's record and concluded that "the intensity of the symptoms and their impact on functioning is not consistent with the totality of the medical evidence." (Tr. 100.) Dr. Finnerty opined that White could "occasionally" lift and/or carry ten pounds, "frequently" carry less than ten pounds, sit for about six hours in an eight-hour workday, and stand and/or walk for a total of two hours. (Tr. 98.) Dr. Finnerty opined White can walk without a cane, understand and

4

remember very short and simple instructions, understand and remember detailed instructions with moderate limitations, maintain attention and concentration for extended periods, and complete a normal workday and workweek. (Tr. 100-02.) Another non-examining physician, Dr. Kathryn Schutt-Kinnear, opined that, even though "[a] cane is medically required for balance and pain control[,]" White could nevertheless "occasionally" lift ten pounds, "frequently" lift less than ten pounds, stand and/or walk for a total of four hours, and sit for about six hours in an eight-hour workday. (Tr. 119-20.) Dr. Schutt-Kinnear thus provided evidence, contrary to the VE's statement, that White's cane use would not be work preclusive.

"Generally 'a contradictory opinion of a non-examining physician does not, by itself, suffice to reject 'an examining physician's opinion.'" *Berryman v. Saul*, No. 20-CV-692-SCD, 2021 WL 2221575, at *6 (E.D. Wis. June 2, 2021) (quoting *Thompson v. Berryhill*, 722 F. App'x 573, 581 (7th Cir. 2018)). To corroborate the non-examining sources' opinions, the Commissioner points to the opinion of examining physician Dr. Paul Cederberg, M.D. (Tr. 1215.) In an independent medical evaluation dated February 26, 2019, Dr. Cederberg noted both that White "uses a cane for ambulation" and that "[White's] doctor thinks that he is not capable of being gainfully employed, which in [his] professional opinion, is not warranted in this case." (Tr. 1216-17.) Dr. Cederberg opined that White "could work 8 hours a day plus overtime, could sit or stand no more than 2

5

hours, and no repetitive pushing or pulling more than 2 hours at a time." (Tr. 1215.) On its face, at least, Dr. Cederberg's opinion is inconsistent with White's disability claim.

White does not directly dispute that Dr. Cederberg's report undermines the treating sources' opinions. Instead, he argues that Dr. Cederberg is biased, does not explicitly opine as to White's cane use, and is patently unreliable because his opinion incorrectly characterizes White as "fairly trim" and "not overweight" when he is actually obese. (ECF No. 18 at 18.) White misses the point. It does not matter whether the ALJ did or did not properly rely on Dr. Cederberg's opinion. It is only important that it constitutes (or at least could constitute on remand) "inconsistent... substantive evidence" that warrants discounting the treating sources' opinions. 20 C.F.R. § 404.1527(c)(2), 416.927(c)(2).

Dr. Cederberg's opinion, along with the opinions of Drs. Finnerty and Schutt-Kinnear, raises a factual issue as to whether White is disabled. Whether this is enough to find him not disabled is a question that can only be answered by the ALJ. That is the reason the Commissioner seeks remand. It is not this court's role to weigh competing evidence. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). Therefore, the court cannot direct an award of benefits for White on his need to use a cane.

Aside from the cane use, White does not develop any argument as to in what way the record compels a finding that he is disabled.

The Commissioner agrees that remand is appropriate and proposes that the court order the ALJ to conduct a new hearing with certain instructions. (ECF 29 at 2.) White does not dispute or supplement these proposed instructions. Therefore, the court will remand this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) with the following instructions:

> The ALJ will reconsider the medical opinion evidence as appropriate, the alleged effects of Plaintiff's impairments, and Plaintiff's residual functional capacity (RFC). The ALJ will proceed through the sequential disability evaluation process as appropriate. If necessary, the ALJ will seek additional vocational evidence. The ALJ will then issue a *de novo* decision.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **reversed**, and pursuant to 42 U.S.C. § 405(g), sentence four, this matter is **remanded** for further rulings consistent with this decision. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 15th day of July, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge